## REVERE COPPER & BRASS, INC.
### *v.* William E. MORRIS

CA 80-175                          607 S.W. 2d 402

Court of Appeals of Arkansas
Substituted Opinion delivered December 10, 1980
[Rehearing denied December 10, 1980.]

*Pickens, Boyce, McLarty & Watson*, by: *James A. McLarty, III*, for appellant.

*Sam Boyce*, for appellee.

JAMES H. PILKINTON, Judge. The original opinion in this case, dated November 12, 1980, is withdrawn, and is replaced by this substitute opinion.

This is a workers' compensation case. Claimant suffered a work related injury which his treating physician found to constitute 10% impairment to the body as a whole. The Commission, based on a wage loss consideration as well as the

medical evaluation, awarded claimant 35% permanent partial disability. This opinion was entered on March 10, 1978, and became final thirty days later as the employer took no further appeal.

After the decision became final, and payment had been made for the disability set by the Commission, claimant requested that the employer pay for a program of vocational rehabilitation. This request was refused as not being timely made. At a later hearing on the vocational rehabilitation request, the administrative law judge held that the request was timely made, and the program requested was reasonable as related to the injury. The requested program was thus approved. The employer appealed to the Commission which affirmed the administrative law judge in a split decision. The decision of the Arkansas Workers' Compensation Commission is now brought to this court on appeal.

I

Appellant first argues that the Commission erred in holding that the request for vocational rehabilitation was timely filed. We agree. This claim for benefits is based upon Ark. Stat. Ann. § 81-1310(f), as it existed on August 22, 1974, the date of claimant's injury. Under the mandatory requirement of the act, a program of rehabilitation had to be filed with the Commission within sixty (60) days from the final determination of permanent disability benefits. That was not done in this case, and appellant must be sustained in its contention that the request was not timely filed. The award of permanent disability was first made on February 11, 1977, and affirmed by the full Commission on March 10, 1978. There was no "filing" with the Commission of any "program" of rehab until the rehab hearing held November 16, 1978. The 60-day period provided in the "old" act had long since expired by that time. Under either act, "old" (60 days after final award), or "new" (prior to determination), the claimant was barred.

II

Appellee claims that appellant waived the right to object

by not pointing out below that claimant's efforts to reserve the question of vocational rehabilitation for a later determination was improper. We cannot agree. The statute is clear on this matter. The claimant, carrying the burden of proof and as the moving party, pushed his claim to a final determination of his permanent disability benefits without requesting vocational rehabilitation training within 60 days thereafter as required by the act. It was the omission of the claimant himself, not of the employer, which foreclosed the right.

## III

Appellant also contends that the program requested was not reasonable in relation to the disability sustained by the employee. We need not reach that question as the case must be reversed and dismissed on point one.

Reversed and dismissed.

HAYS, J., dissents.

STEELE HAYS, Judge, dissenting. I earnestly disagree with the result reached by the majority in this case. The claimant sustained a work-related injury on August 22, 1974, and was ultimately awarded a 35% permanent partial disability by the Commission. Subsequently, a program of rehabilitation was upheld by the Administrative Law Judge and the Commission over the employer's objection. Rehabilitation was opposed on two grounds: that the program requested was "not reasonable in relation to the disability sustained by the employee" and that the request for rehabilitation was not timely filed under Ark. Stat. Ann. § 81-1310(f).

The Administrative Law Judge and the Commission found that the program requested was reasonable as related to the injury and that there was substantial compliance with § 81-1310(f). That decision is supported by substantial evidence and should be affirmed.

It was stipulated by the parties that this claim is governed by the "old act" affecting rehabilitation, the difference in

the "old act" and the new act being that under the former language the request for rehabilitation must be filed within sixty days from the final determination that permanent disability benefits are payable. Under the new act a request for rehabilitation must be filed prior to a determination of the amount of permanent disability benefits payable to an employee.

The majority has accepted the appellant's argument that this language of the act is mandatory and cannot, even by agreement between the parties, be waived. In the absence of precedent on the point, which neither the appellant nor the majority have provided, I am unwilling to reverse the Commission and deprive the claimant of the benefit of rehabilitation. I agree that the use of the word *"must"* in the act makes the filing of the request mandatory and if the claimant had done nothing within the sixty days I believe the request would not be timely and I would agree with the majority. But I can find no authority that prohibits the parties from reserving the right to request a program at a later date, where they have seen fit to do so and I can conceive of no reason why the law should interfere where they have done so and it is clear that within the sixty day period counsel for claimant and Respondent reached at least enough of a stipulation as to justify a finding by the Commission that the act had been substantially complied with.

Appellant argues that the final determination of permanent disability was made on March 10, 1978, and insists that a program of rehabilitation *must* have been filed *prior* to March 10, 1978 (page 25 of appellant's brief). But this argument is applying *not* the "old act," but the new one. In fact, appellant's brief at page 24 quotes the *new* act verbatim as the law applicable to this claim, notwithstanding the stipulation between counsel repeatedly referred to in the record and in the briefs that the "old act" applied. I believe the confusion has resulted in an error in the reversal of this case.

Many hearings occurred in this claim. The first reference to rehabilitation to be found in the record occurs at the outset of a hearing on February 11, 1977, before the Honorable Gary R. Shelton at Newport. In the course of a

preliminary statement of the issues, counsel for claimant stated:

> . . . and that he is entitled to rehabilitation which questionably we would have to specifically reserve as I understand under the Rules of the Commission that a plan must be submitted to the Commission for their approval and we're not in a position to present that plan at this time but we would like to have that particular issue reserved for a possible subsequent hearing.

In his remarks, counsel for the Respondent listed a number of controverted issues and said:

> . . . with regard to the rehabilitation issue, if we understand, there's nothing before the Commission by way of rehabilitation now, we simply reserve our position as to whether to accept or controvert any plan of rehabilitation until we see what the plan is.

Admittedly, this exchange leaves something to be desired in terms of a clear and specific agreement. But it was sufficient to put Respondent on notice that claimant intended to request rehabilitation and Respondent's words at least implied that the only thing being reserved was the right to controvert or accept the plan. That interpretation of the exchange, that is, that counsel themselves viewed the matter as a stipulation, is bolstered considerably by the events that followed.

On April 20, 1978, counsel for claimant wrote counsel for Respondent regarding a program of rehabilitation, opening his letter with:

> As you will recall, *we agreed to consider the question of rehabilitation on William E. Morris at a later date* once we had submitted a program to you. I now have a program . . . . [Emphasis supplied.]

Counsel for Respondent took no exception to this conclusion, but answered (July 11, 1978):

> In response to your letter of April 20th regarding a program of rehabilitation, I am not in a position to

recommend to Revere your requested plan of rehabilitation in order to qualify Billy Ed for a permanent position in the Baptist Church. I possibly could recommend a nominal payment for a Joint Petition (which would include rehabilitation and any claim to fees and costs); but in view of the payments which have been made in the past, I simply cannot recommend the figure that you suggest.

I will look forward to hearing back from you regarding whether or not you want to dismiss this matter further or simply submit your plan to the Commission.

Counsel continued to correspond without reaching an agreement on a program and eventually the issue was submitted to the Commission. The opening comments of that hearing on November 16, 1978, are also revealing. Counsel for claimant stated (at page 78):

MR. BOYCE:

Your Honor, I think we can probably stipulate, although I think it's obviously on record. This was under the old Act as opposed to the new one. *The issue of rehabilitation was specifically reserved* at the time of the hearing on a permanent disability factor. (e.s.)

MR. McLARTY:

*Yes, sir, I agree.* But, so we're clear, the earlier hearing was held on February 11, 1977, which resulted in a 35% award. That opinion was handed down by Judge Louis Smith, and was appealed by the respondent. The file reflects the full Commission filed an opinion on March 10th of '78, when the 35% award was affirmed, and there was no appeal taken from that. On page 14, of the transcript record on the February 11 hearing, the last hearing. The third line from the bottom . . . These were my words speaking at that time, setting out the contentions with regard to the rehabilitation issue. If we understand, there is nothing before the Commission by way of rehabilitation now. We simply reserve our position as to

whether to accept or controvert any planned rehabilitation until we see what the plan is.

MR. McLARTY:

That's what was done before as far as rehab was concerned, when they had the earlier hearing.

JUDGE SHELTON:

All right, sir.

MR. McLARTY:

I agree that rehab is not an issue. Back on February 11th of '77, it was not covered within the last opinion of the Commission.

JUDGE SHELTON:

Any further proposed stipulations?

MR. BOYCE:

No. sir.

MR. McLARTY:

No, sir.

[Emphasis supplied.]

It should be noted that counsel for Respondent, in briefs and oral argument, with innate fairness, has attempted to give a full account of these exchanges between counsel, urging that whatever counsel may have intended, the mandatory requirement of the statute may not be modified by the agreement of the parties.

I find it reasonably clear that the parties through their counsel did so agree and there is no discernable reason why we should refuse the employer the power to modify this provision by agreement.

I would affirm the Commission.